MATTER OF MIRALDO

In Visa Petition Proceedings

A-20062953

*Decided by Board May 31, 1974*

Since under the law of Brazil an amicable divorce (*desquite amigavel*) is a legal separation and does not allow the parties affected to remarry, beneficiary's Brazilian divorce (*desquite amigavel*) is not valid to accord him preference classification under section 203(a)(2) of the Immigration and Nationality Act, as amended, as the *unmarried* son of the permanent resident petitioner.

The permanent resident petitioner applied for preference status for the beneficiary as her unmarried son under section 203(a)(2) of the Immigration and Nationality Act, as amended. The District Director denied the application in an order dated November 12, 1973. He concluded that the document submitted in support of the petition to establish the beneficiary's status as legally divorced was in fact a legal separation, and as a consequence, the beneficiary was ineligible for the benefits under section 203(a)(2) of the Act. The appeal will be dismissed.

The beneficiary is a native of Portugal and a citizen of Brazil. The record reflects that the beneficiary obtained an amicable divorce (*desquite amigavel*) on February 3, 1965 from the Court of Family and Successions, Sao Paulo, Brazil.

The issue presented in this appeal is whether the beneficiary's Brazilian divorce is valid to accord him status as the *unmarried* son under the provisions of section 203(a)(2) of the Act.

The following information regarding the subject of divorce under Brazilian law has been supplied by the Hispanic Law Division, Law Library, Library of Congress.

The pertinent provisions regulating divorce in Brazil are found in the federal Constitution[1] and the Civil Code.[2] Under the Brazilian Constitution marriage is indissoluble.[3]

---

[1] Constitution of Brazil 1967 (Pan American Union, Washington, 1967).

[2] *Codigo Civil* (C. Civ.), updated by Judge Vicente Sabino, Jr. (Ed e Distributdora Ouro Branco Ltd., Sao Paulo, 1969).

[3] Constitution, art. 167, par. 1.

The conjugal society terminates (1) by the death of one of the spouses; (2) by the annulment, or nullity of the marriage; and (3) by divorce (*desquite*) either amicable or contemptuous and judicial.[4]

Article 315 of the Civil Code of Brazil provides that dissolution of a valid marriage shall only occur by the death of one of the spouses.

Another form of rupture of the matrimonial bonds is the annulment which technically is not a dissolution.[5]

Termination of the marital state in the language of the code means the "undoing" (*desfazimento*) of certain marital bonds by virtue of which the spouses physically separate themselves *quo ad thorum et habitationem.* It legally entails the termination of the regime of common property, the partition and adjudication thereof as well as the assignment of the children's guardianship, if any, to one of the spouses. It has exactly the same effect as the canon law divorce and thus, the separated spouses are not legally allowed to contract a subsequent marriage as long as both of them continue to be alive.[6] Furthermore, the courts have repeatedly stated that *desquite* means nothing more than legal separation of the spouses concerned and does not allow the affected parties to remarry in Brazil.[7]

Accordingly, we conclude that the beneficiary is still married and, therefore, statutorily ineligible for classification under section 203(a)(2) of the Act. The appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.

---

[4] C. Civ. art. 315.

[5] *Id.* art. 207.

[6] P. Nunes, *O Desquite* 16 (Livraria Freitas Bastos S.A., Rio de Janeiro, 1964).

[7] V *Revista Trimestral de Jurisprudencia* 34/163 in L. M. Prunes, *Pratica do Desquite Amigavel* 159 (Sugestoes Literarias S.A., 1970).